[Cite as *State v. Simmons*, 2026-Ohio-2761.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY

STATE OF OHIO,                                          :

    Appellee,                                          :

vs.                                                    :

CURTIS A. SIMMONS,                                     :

    Appellant.                                         :

                                   :

CASE NO. CA2024-11-024

OPINION AND
JUDGMENT ENTRY
7/20/2026

CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI 20240063

Nicholas A. Adkins, Madison County Prosecuting Attorney, and Rachel M. Price, Assistant Prosecuting Attorney, for appellee.

Steven H. Eckstein, for appellant.

**O P I N I O N**

**M. POWELL, J.**

{¶ 1} Appellant, Curtis Simmons, appeals his conviction and sentence in the Madison County Court of Common Pleas for aggravated possession of drugs.

{¶ 2} On June 14, 2024, appellant was indicted on one count of aggravated

possession of drugs with an accompanying firearm specification and two counts of having weapons while under disability. The charges stemmed from an early-morning incident during which appellant was found asleep in his car, parked on a roadway. Appellant was ultimately arrested for OVI. During a search incident to arrest, appellant was found to have nearly 28 grams of methamphetamine in his pocket, and a loaded 9 mm handgun with the serial number scrapped off was found on the passenger's seat. During the proceedings below, appellant requested a bill of particulars, which the State did not provide.

{¶ 3} On September 13, 2024, appellant pled guilty to one count of aggravated possession of drugs, a second-degree felony, and the two having weapons while under disability charges and the firearm specification were dismissed. The trial court ordered a presentence-investigative report ("PSI"). At sentencing, the trial court observed that appellant had a lengthy criminal history dating back to 1997, which included five prior misdemeanor convictions and eight prior felony convictions, that he had been sentenced to prison on three separate occasions, and that only two of six probation periods were successfully terminated. While referring to a 1998 conviction for attempted felonious assault in Franklin County that resulted in a three-year prison term, the trial court observed that,

> And when I look at what the Courts have attempted to do, they've tried lots of different approaches. One of those outlier cases in 1998 was a felonious assault that worked its way into an attempted felonious assault.
>
> I don't know any of the details of that, but a three-year penitentiary sentence . . . the makeup of the Franklin County judiciary was probably a little different in 1998. But be that as it may, that's still an unusual sentence in 1998. I rather suspect there was some damage done such that somebody thought . . . I'm just speculating. It's all I can tell you. There was something that at least caused some judge to think that prison was the answer out of the gate.

You had, really, a fairly light misdemeanor related history prior to that. And so that's a pretty heavy shot for your first go-around unless the facts made that seem appropriate. And different judges are going to take different approaches.

{¶ 4} On November 20, 2024, the trial court sentenced appellant to an indefinite prison term of six to nine years. Appellant subsequently moved to withdraw his guilty plea and filed a notice of appeal a few days later. The trial court dismissed appellant's motion for lack of jurisdiction due to the pending appeal.

{¶ 5} Appellant now appeals, raising three assignments of error.

**Appellant's Guilty Plea was Knowingly, Intelligently, and Voluntarily Entered**

{¶ 6} Assignment of Error No. 1:

APPELLANT'S GUILTY PLEA WAS NOT KNOWING, INTELLIGENT, OR VOLUNTARY.

{¶ 7} Appellant argues that his guilty plea was not knowingly, intelligently, or voluntarily made because (1) the trial court failed to inform him during the plea hearing that it could consider his criminal record, including a 20-year-old conviction, in determining the sentence to impose, and (2) he did not have the benefit of a bill of particulars prior to entering his plea.

{¶ 8} "When a defendant enters a guilty plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 1996-Ohio-179, ¶ 7. To ensure that a guilty plea to a felony charge is knowing, intelligent, and voluntary, the trial court must engage the defendant in a plea colloquy pursuant to Crim.R. 11(C). *State v. Valdez*, 2024-Ohio-3357, ¶ 13 (12th Dist.).

{¶ 9} Specifically, the "trial court must inform the defendant that he is waiving his

privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses." *State v. Montgomery*, 2016-Ohio-5487, ¶ 41; Crim.R. 11(C)(2)(c). In addition to these constitutional rights, the trial court must determine that the defendant understands the nature of the charge, the maximum penalty involved, and the effect of the plea. *Id.*; Crim.R. 11(C)(2)(a) and (b). "A plea may be involuntary if 'the accused does not understand the nature of the constitutional protections he is waiving . . . or because he has such an incomplete understanding of the charge that his plea cannot stand as an intelligent admission of guilt.'" *Montgomery* at ¶ 42, quoting *Henderson v. Morgan*, 426 U.S. 637, 645, fn. 13 (1976).

{¶ 10} The Ohio Supreme Court has addressed a trial court's compliance with Crim.R. 11(C) and how an appellate court should review a trial court's plea colloquy. *State v. Dangler*, 2020-Ohio-2765, ¶ 11. In general, "a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)." *Id.* at ¶ 16. However, there are two exceptions to this rule: (1) when the trial court fails to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) that a defendant waives by pleading guilty or no contest, and (2) "a trial court's complete failure to comply with a portion of Crim.R. 11(C)." *Id.* at ¶ 15. Under either exception, the defendant is not required to show prejudice. *Id.* at ¶ 14-16.

{¶ 11} The record shows that the trial court complied with Crim.R. 11(C) in taking appellant's guilty plea, and appellant does not claim otherwise. The record also indicates appellant told the trial court that he understood the rights and requirements the court read to him. R.C. 2929.12(D)(2) specifically permits a trial court to consider an offender's history of criminal convictions in determining an appropriate sentence. There is no requirement in Crim.R. 11 that prior to accepting a guilty plea, the trial court inform a

defendant whether a PSI will be ordered, inform the defendant that it will consider the PSI and the defendant's criminal history, or inform the defendant of the R.C. 2929.12 seriousness and recidivism factors that it will consider at sentencing. *State v. Deniro*, 2017-Ohio-1025, ¶ 18, 22 (9th Dist.). "Crim.R. 11 applies only to the entry and acceptance of the plea. It has no relevance to the exercise of the trial court's sentencing discretion at that stage other than directing the court to proceed with or impose sentencing. Thus, it can hardly be said that the rule imposes upon a trial judge a duty to explain what particular matters he may, at a later date, determine are significant to the exercise of his discretion." *State v. Johnson*, 40 Ohio St.3d 130, 134 (1988).

{¶ 12} As for the bill of particulars that the State never provided to appellant, the record shows that appellant filed a pro se motion requesting the bill of particulars while represented by counsel. "In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously." *State v. Martin*, 2004-Ohio-5471, ¶ 32. In other words, a defendant does not have any right to "hybrid representation," where the defendant is represented by counsel and simultaneously acts as his own attorney. *Id.* at ¶ 31. Accordingly, the State was not required to entertain appellant's pro se request for a bill of particulars as he was represented by counsel. Furthermore, appellant never identifies how the lack of a bill of particulars rendered his guilty plea less than knowing, intelligent, or voluntary.

{¶ 13} Appellant's first assignment of error is overruled.

**Appellant Did Not Receive Ineffective Assistance of Counsel**

{¶ 14} Assignment of Error No. 2:

> THE DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AS GUARANTEED BY SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION

AND THE SIXTH AND FOURTEENTH AMENDMENTS.

{¶ 15} Appellant ostensibly argues he received ineffective assistance of counsel during the plea hearing because his trial counsel did not object to going forward with the guilty plea even though appellant did not have the benefit of a bill of particulars and the trial court had failed to inform appellant that it could consider his criminal record in determining the sentence to impose.

{¶ 16} A defendant who pleads guilty waives the right to claim ineffective assistance of counsel, except to the extent that counsel's deficient performance caused the plea to be less than knowing and voluntary. *State v. Moxley*, 2012-Ohio-2572, ¶ 18 (12th Dist.), citing *State v. Spates*, 1992-Ohio-130.

{¶ 17} To prevail on a claim for ineffective assistance of counsel, a defendant must show that trial counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness, and that the defendant was prejudiced as a result. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984). In the context of a guilty plea, the "prejudice" requirement focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In other words, the defendant must demonstrate there is a reasonable probability that, but for his counsel's errors, he would not have pled guilty and would have insisted on going to trial. *State v. Byrd*, 2022-Ohio-1364, ¶ 10 (12th Dist.). The failure to satisfy either prong of the *Strickland* test is fatal to an ineffective assistance of counsel claim. *Id.*

{¶ 18} Appellant has failed to show his attorney's performance was deficient. As discussed under the first assignment of error, the trial court was not required to inform appellant that it would consider his criminal history prior to accepting his guilty plea. Appellant's criminal history and failure to respond to prior sanctions are sentencing factors

explicitly set forth in R.C. 2929.12(D)(2) and (3). There was therefore nothing for trial counsel to object to regarding the factors the trial court would consider in imposing sentence. As for the lack of a bill of particulars, appellant does not assert that trial counsel failed or refused to request a bill of particulars on appellant's behalf. And as stated above, appellant's pro se request for a bill of particulars while represented by counsel was improper and amounted to impermissible hybrid representation.

{¶ 19} Appellant has likewise failed to meet the prejudice prong. Regarding the lack of a bill of particulars, appellant has "failed to demonstrate that his lack of knowledge concerning the specific facts a bill of particulars would have provided him prejudiced him in his ability to fairly defend himself or evaluate the State's plea offer." *State v. Blanton*, 2025-Ohio-237, ¶ 47 (4th Dist.). This was not a factually complex case as a law enforcement officer found appellant asleep in his car on a roadway with nearly 28 grams of methamphetamine in his pocket. Moreover, appellant does not allege he would have insisted on going to trial and simply asserts that the prejudice prong is "shown by [his] repeated requests for the bill of particulars" and his "filing a motion to withdraw his guilty plea one week after the sentencing hearing." However, a defendant "must do more than present '*post hoc* assertions . . . about how he would have pleaded but for his attorney's deficiencies.'" *State v. Romero*, 2019-Ohio-1839, ¶ 28. "In assessing whether it would be rational for a defendant to go to trial instead of pleading guilty, the court should consider the totality of circumstances." *Id.* at ¶ 29. Once again, this was not a factually complex case and as a result of appellant pleading guilty to one felony count, the State agreed to dismiss the other two felony counts as well as the firearm specification (and its mandatory three-year prison term).

{¶ 20} Appellant's second assignment of error is overruled.

**Appellant's Sentence Is Not Contrary to Law**

{¶ 21} Assignment of Error No. 3:

THE DEFENDANT-APPELLANT'S SENTENCE IS CONTRARY TO LAW.

{¶ 22} Appellant argues that his sentence is contrary to law because the trial court improperly "used a twenty-year-old conviction"—that is, the 1998 conviction for attempted felonious assault in Franklin County that resulted in a three-year prison term—and speculated as to the conditions surrounding that conviction. Appellant asserts that a 20-year-old conviction and a court's speculation regarding such conviction are not factors listed in R.C. 2929.12 and therefore his sentence is based upon impermissible considerations.

{¶ 23} A felony sentence is reviewed under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 10. Under that provision, an appellate court may vacate or modify a prison sentence only if it clearly and convincingly finds either that the record does not support the sentencing court's findings under certain specified statutory provisions, or that the sentence is otherwise contrary to law. R.C. 2953.08(G)(2)(a) and (b); *State v. Jones*, 2020-Ohio-6729, ¶ 28. A sentence is not clearly and convincingly contrary to law where the trial court considers the principles and purposes of sentencing under R.C. 2929.11, weighs the seriousness and recidivism factors in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range. *State v. Bullock*, 2026-Ohio-693, ¶ 50 (12th Dist.).

{¶ 24} "R.C. 2953.08(G)(2) does not permit an appellate court to conduct an independent review of a trial court's sentencing findings under R.C. 2929.12 or its adherence to the purposes of felony sentencing under R.C. 2929.11." State v. *Bryant*, 2022-Ohio-1878, ¶ 21, citing State v. *Jones*, 2020-Ohio-6729, ¶ 41-42. Nothing within the

statute permits an appellate court to "independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Jones* at ¶ 42. *See also State v. Venters*, 2025-Ohio-3111, ¶ 54 (12th Dist.). However, an appellate court is not prohibited from reviewing a sentence "when the claim is that the sentence was imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12." *Bryant* at ¶ 22. "[W]hen a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.*

{¶ 25} Upon reviewing the record, we find that appellant's sentence is not contrary to law. Under R.C. 2929.14(A)(2)(a), appellant's six-to-nine-year prison term for second-degree felony aggravated possession of drugs falls squarely within the statutory range. The trial court properly imposed postrelease control sanctions. In imposing appellant's sentence, the trial court stated both at sentencing and in its sentencing entry that it had considered the overriding purposes of felony sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors set forth in R.C. 2929.12. The trial court found a high risk of recidivism based upon appellant's criminal history, which included five prior misdemeanor convictions and eight prior felony convictions, and appellant's failure to respond to prior sanctions as evidenced by his three prior separate prison sentences and the fact that only two of six probation periods were successfully terminated. The trial court also found appellant's conduct more serious than conduct normally constituting the offense because appellant was operating a car while under the influence of illegal substance, in possession of a loaded firearm, and in possession of nearly 28 grams of methamphetamine.

{¶ 26} Furthermore, contrary to appellant's assertions, his sentence was not based

upon impermissible considerations. An offender's history of criminal convictions is a sentencing factor explicitly set forth in R.C. 2929.12(D)(2). The statute does not limit the length of time for an offender's criminal history, and in fact may also include an offender's delinquency history as a juvenile if such record exists. As noted by the trial court, appellant has a lengthy criminal history that dates back to 1997, and his first felony conviction was in 1998 for attempted felonious assault for which he was sentenced to prison. Although the trial court began the recitation of appellant's criminal record by briefly pondering about the conditions surrounding his 1998 conviction, the record further shows that the court then went on to detail and consider the rest of his extensive criminal history. In other words, the trial court did not determine appellant's prison sentence based solely on appellant's oldest felony conviction and speculation regarding that conviction.

{¶ 27} Appellant's third assignment of error is overruled.

{¶ 28} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.

## J U D G M E N T   E N T R Y

The assignments of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Madison County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Robin N. Piper, Judge*

*/s/ Mike Powell, Judge*